# UNITED STATES DISTRICT COURT
# FOR DISTRICT OF COLORADO

Civil Action No. 1:22-cv-609

Mariza Reza

Plaintiff,

v.

AMERICAN FAMILY INSURANCE COMPANY

Defendant.

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Mariza Reza ("Plaintiff"), by and through the undersigned counsel, files her Complaint against American Family Insurance Company ("Defendant"). Supporting this Complaint, Plaintiff states as follows:

### PARTIES

1. Plaintiff is the owner of 1979 S. Ingalls Court, Lakewood, CO 80226. Plaintiff resides at that address.

2. Defendant is a corporation in good standing in the State of Colorado.

3. Defendant's principal place of business is 6000 American Parkway, Madison, WI 53783. Defendant is incorporated in the state of Wisconsin. Defendant may be served through its Registered Agent, Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

4. At all relevant times herein, Defendant issued a property coverage policy to Plaintiff.

1

## JURISDICTION AND VENUE

5. This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. More specifically, the parties are located in different states. The Plaintiff's property is located in the state of Colorado and the Defendant's principal place of business Texas. Also, the Defendant is incorporated in the state of Texas.

6. This Honorable maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332 because the Plaintiff seeks damages in excess of $75,000.00.

7. Plaintiff seeks damages in excess of $75,000.00 as follows: pursuant to Count I, Plaintiff requests Defendant pay Plaintiff an amount of $145,940.24 or greater for breach of contract for insurance policy benefits and Count II, Plaintiff requests Defendant pay Plaintiff two times the benefit denied or delayed for unreasonably withholding such benefits, amounting to an additional $437,820.72 or greater; and Defendant pay pre and post judgment interest, costs, expert witness fees, and reasonable attorney's fees.

8. This Honorable Court maintains personal jurisdiction pursuant to Colorado's Long-Arm Statute, C.R.S.A. 13-1-124, and the United States Constitution's 14th Amendment Due Process Clause.

9. This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2). Plaintiff's insured property at issue remains in this Judicial District at 1979 S. Ingalls Court, Lakewood, CO 8022. Plaintiff resides as well at this address.

## FACTUAL STATEMENTS

10. Defendant provided property insurance to Plaintiff, Claim No. 01-003-411881; Policy Number 41006-33437-61 on the date of loss, March 14, 2021.

11. Defendant's policy remained in full force and effect during all relevant times set forth herein.

12. On or about March 14, 2021, Plaintiff's home suffered severe damage due to a hail-bearing storm.

13. Plaintiff took immediate action to mitigate and notified Defendant of its loss.

14. Plaintiff's notice to Defendant was timely and proper, and fully satisfied all policy notice requirements.

15. Defendant's insurance policy covers Plaintiff's hail damage.

16. Plaintiff submitted to Defendants estimates totaling $65,303.65.

17. However, despite Plaintiff's requests for Defendant's help, Defendant rejected Plaintiff's estimates and refused to fully repair to all areas impacted by the hail-bearing storm.

18. Defendant is unwilling to reconsider its payment amount despite Plaintiff's requests to do so.

19. Defendant has failed to further assess the Plaintiff's claim.

20. Plaintiff has fully cooperated with and continues to fully cooperate with Defendant's claim investigation and adjustment.

21. Plaintiff has fully complied with all duties Defendant's insurance policy imposes.

22. All conditions precedent for Plaintiff's recovery from Defendant has occurred, been performed, or been waived.

23. Defendant's breach of contract and vexatious choice to withhold insurance claim proceeds payment has proximately caused Plaintiff to incur contractual and consequential damages in the amount of $145,940.24 or greater.

## COUNT I
## Breach of Contract

24. Plaintiff restates and incorporates the allegations detailed in paragraphs 1-23.

25. Defendant's conduct constitutes a breach of the insurance contract.

26. Defendant's property insurance policy remains a valid, binding, and enforceable contract between Defendant and Plaintiff.

27. Defendant's property insurance policy remains an "all-risk" policy, allowing recovery for all fortuitous losses or damage to covered property, subject to certain policy exclusions. The hail damage here remains a covered loss.

28. Plaintiff contracted for and purchased the property insurance policy from Defendant.

29. Plaintiff remains entitled to receive full insurance coverage for all direct physical loss of and damage to the insured property.

30. Defendant's breach of contract further entitles Plaintiff to recover its consequential damages the hail-bearing storm.

31. Defendant's insurance policy makes Defendant responsible for paying Plaintiff's property damage and consequential damages losses the hail-bearing storm caused.

32. Plaintiff gave Defendant proper and timely insurance claim notice.

33. Plaintiff satisfied all policy-imposed duties and obligations.

34. Defendant breached the property insurance policy contract in choosing to withhold insurance claim proceeds payment for Plaintiff's insured losses.

35. Defendant breached the property insurance policy contract by negligently, grossly negligently, recklessly, and intentionally choosing not to conduct a full and fair investigation and adjustment regarding Plaintiff's insured losses.

36. On information and belief, Defendant has committed additional breaches of contract.

37. As a direct and proximate result of Defendant's breach of contract, Plaintiff has incurred damages totaling $65,303.65 or greater for amounts owed under policy, plus pre and post judgment interest, attorney's fees and costs.

## COUNT II
## C.R.S. § 10-3-1115(1)(a) and C.R.S. § 10-3-1116(1)

38. Plaintiff restates and incorporate the allegations detailed in paragraphs 1-37.

39. Defendant chose to deny and withhold insurance claim payment for Plaintiff's insured losses remains without just cause or excuse and is unreasonable pursuant to C.R.S. § 10-3-1115(1)(a).

40. Defendant chose to delay and withhold prompt and full insurance claim payment for Plaintiff's insured losses remain without just cause or excuse is unreasonable C.R.S. § 10-3-1115(1)(a).

41. Pursuant to C.R.S. § 10-3-1116(1) Plaintiff is entitled to reasonable attorney's fees, the benefits owed, court costs, interest and two times the covered benefit totaling $437,820.72 or greater as Defendant's acts in the handling of Plaintiff's' claims for benefits was unreasonable.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. The Court enter judgment against Defendant on all claims and damages allowed by law in the amount to be proved at the time of trial;

2. Pursuant to Count I, Plaintiff requests that Defendant pay Plaintiff in an amount of $145,940.24 or greater in choosing to withhold breach of contract insurance policy benefits;

3. Pursuant to Count II, the Court enter judgment against Defendant to pay Plaintiff two times the benefit denied or delayed totaling $437,820.72 or greater;

4. Defendant pay pre and post judgment interest, costs, expert witness fees, and reasonable attorney's fees; and

5. The Court grant other damages allowed for unreasonable breach of an insurance contract and for such further relief allowed on Plaintiff's claims which are just and proper

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES.**

DATED: March 14, 2022

Respectfully submitted,

*/s/ Colleen T. Calandra, Esq.*
Colleen T. Calandra, Esq. (#41788)
MORGAN & MORGAN
1641 N. Downing Street
Denver, CO 80212
303-264-1746
ccalandra@forthepeople.com

Mariza Reza
1979 S. Ingalls Court
Lakewood, CO 80226

6